

ELECTRONICALLY FILED
4/1/2021 5:30 PM
05-CV-2021-900354.00
CIRCUIT COURT OF
BALDWIN COUNTY, ALABAMA
JODY L. WISE, CLERK

## IN THE CIRCUIT COURT OF BALDWIN COUNTY, ALABAMA

| | |
|---|---|
| DOLORES ANDREWS, as Personal Representative of the Estate of KEVIN ANDREWS, deceased; SARA A. JONES, as Personal Representative of the Estate of JOSEPH ANDREWS, deceased, | * * * * * * * |
| Plaintiffs, | * |
| v. | *  CASE NO.: 05-CV-2021 |
| STEPHEN ANDREW BAILEY, HUEY HOSS MACK, and TOWN OF LOXLEY, | *  **JURY DEMAND REQUESTED** * * * * |
| Defendants. | * * |

## COMPLAINT
## JURISDICTIONAL PREAMBLE

COME NOW the Plaintiffs, Dolores Andrews, as Personal Representative of the Estate of Kevin Andrews, deceased and Sara A. Jones, as Personal Representative of the Estate of Joseph Andrews, deceased, and in accordance with the *Alabama Rules of Civil Procedure*, file the following claim for relief against the Defendants, Stephen Andrew Bailey, Huey Hoss Mack and Town of Loxley, as follows:

1. The Plaintiff, Dolores Andrews, as Personal Representative of the Estate of Kevin Andrews, deceased, is an adult resident of San Diego County, California.

2. The Plaintiff, Sara A. Jones, as Personal Representative of the Estate of Joseph Andrews, deceased, is an adult resident of Glynn County, Georgia.

3. The Defendant, Stephen Andrew Bailey, is an adult resident of Baldwin County, Alabama.

4. The Defendant, Huey Hoss Mack, is an adult resident of Baldwin County, Alabama.

5. The Defendant, Town of Loxley, is a Municipality in Baldwin County, Alabama.

6. The amount in controversy is within the jurisdictional limits of this Honorable Court.

## **FACTS**

7. On or about April 1, 2019, Defendant Stephen Andrew Bailey was a peace officer employed by the Loxley Police Department and assigned to the Baldwin County, Alabama Sheriff's Office Special Operations Unit.

8. On or about April 1, 2019, Defendant Huey Hoss Mack was the sheriff of Baldwin County, Alabama.

9. On or about April 1, 2019, Defendant Huey Hoss Mack had a supervisory role over Defendant Stephen Andrew Bailey with respect to Defendant Bailey's job as a peace officer employed by the Loxley Police Department and assigned to the Baldwin County, Alabama Sheriff's Office Special Operations Unit.

10. On or about April 1, 2019, Defendant Stephen Andrew Bailey initiated a high-speed chase on Interstate 10 in Baldwin County, Alabama, pursuing a Cheverolet Malibu driven by Dominic Scotti Garcia, Jr. Defendant Bailey initiated the high-speed chase because he observed Mr. Garcia impeding the flow of traffic and changing lanes without using a turn signal.

11. Defendant Stephen Andrew Bailey continued the high-speed chase eastbound in the westbound lanes of Interstate 10, against the flow of oncoming traffic.

12. The chase lasted many miles, and gave Defendant Stephen Andrew Bailey time to deliberate whether or not to continue his high-speed pursuit of Mr. Garcia, particularly when Mr. Garcia began traveling eastbound in the westbound lanes of Interstate 10, against the flow of oncoming traffic.

13. At that time and place, Plaintiff's deceased Kevin Andrews was a passenger in a vehicle driven by Plaintiff's deceased Joseph Andrews. The two were traveling westbound in the westbound lanes of Interstate 10.

14. Mr. Garcia struck the Plaintiffs' vehicle, killing Joseph and Kevin Andrews.

**FIRST CAUSE OF ACTION**
**WRONGFUL DEATH**

Plaintiffs, Dolores Andrews, as Personal Representative of the Estate of Kevin Andrews, deceased, and Sara A. Jones, as Personal Representative of the Estate of Joseph Andrews deceased, allege against the Defendants, Stephen Andrew Bailey and Huey Hoss Mack, separately and severally, in their individual and official capacities as follows:

15. The Plaintiffs adopt and re-allege all prior paragraphs as if fully set out herein.

16. The actions of the Defendants caused or contributed to the deaths of Kevin Andrews and Joseph Andrews.

WHEREFORE, the Plaintiff Sara A. Jones, as Personal Representative of the Estate of Joseph Andrews, deceased, and Plaintiff Dolores Andrews, as Personal Representative of the Estate of Kevin Andrews, deceased, demand judgment against the Defendants for punitive damages under the Alabama Wrongful Death Act, and such other damages as allowed by the State of Alabama in an amount that is within the jurisdictional limits of this Honorable Court, plus interest and costs.

**SECOND CAUSE OF ACTION**
**SUBSTANTIVE DUE PROCESS**

Plaintiffs, Dolores Andrews, as Personal Representative of the Estate of Kevin Andrews, deceased, and Sara A. Jones, as Personal Representative of the Estate of Joseph Andrews deceased,

allege against the Defendant, Stephen Andrew Bailey, in his individual and official capacities as follows:

17. This count is brought pursuant to 42 U.S.C. § 1983.

18. The Plaintiffs adopt and re-allege all prior paragraphs as if fully set out herein.

19. At all times relevant to the facts and allegations of this Complaint, Defendant Stephen Andrew Bailey acted under the color of state law.

20. The Defendant was deliberately indifferent to the consitutional rights of the Plaintiffs' deceased, despite the fact that he had time to consider his actions and terminate the high-speed chase.

21. The Defendant's actions intentionally and/or deliberately and proximately caused a deprivation of the Plaintiffs' deceased's lives, in that Officer Bailey's high-speed chase caused Mr. Garcia's vehicle to crash head-on into the Plaintiffs' vehicle, killing Joseph and Kevin Andrews.

WHEREFORE, the Plaintiff Sara A. Jones, as Personal Representative of the Estate of Joseph Andrews, deceased, and Plaintiff Dolores Andrews, as Personal Representative of the Estate of Kevin Andrews, deceased, demand judgment against Defendant, Stephen Andrew Bailey, in his individual and official capacities for compensatory and punitive damages under 42 U.S.C. § 1983, plus interest and costs.

### THIRD CAUSE OF ACTION
### SUPERVISORY LIABILITY

Plaintiff, Dolores Andrews, as Personal Representative of the Estate of Kevin Andrews, deceased, and Sara A. Jones, as Personal Representative of the Estate of Joseph Andrews deceased, allege against the Defendant, Huey Hoss Mack, in his individual and official capacities as follows:

22. This count is brought pursuant to 42 U.S.C. § 1983.

23. The Plaintiffs adopt and re-allege all prior paragraphs as if fully set out herein.

24. At all times relevant to the facts and allegations of this Complaint, Defendant Huey Hoss Mack acted under the color of state law.

25. Defendant Huey Hoss Mack knew that officers under his supervision were engaging in unconstitutional conduct, but yet was deliberately indifferent to the violations.

26. Defendant Huey Hoss Mack's actions intentionally and/or deliberately and proximately caused a deprivation of the Plaintiffs' deceased's lives, in that Officer Bailey's high-speed chase caused Mr. Garcia's vehicle to crash head-on into the Plaintiffs' vehicle, killing Joseph and Kevin Andrews.

WHEREFORE, the Plaintiff Sara A. Jones, as Personal Representative of the Estate of Joseph Andrews, deceased, and Plaintiff Dolores Andrews, as Personal Representative of the Estate of Kevin Andrews, deceased, demand judgment against Defendant Huey Hoss Mack, in his individual and official capacities for compensatory and punitive damages under 42 U.S.C. § 1983, plus interest and costs.

### FOURTH CAUSE OF ACTION
### MUNICIPAL LIABILITY

Plaintiffs, Dolores Andrews, as Personal Representative of the Estate of Kevin Andrews, deceased, and Sara A. Jones, as Personal Representative of the Estate of Joseph Andrews deceased, allege against the Defendant, Town of Loxley, as follows:

27. This count is brought pursuant to 42 U.S.C. § 1983.

28. The Plaintiffs adopt and re-allege all prior paragraphs as if fully set out herein.

29. At all times relevant to the facts and allegations of this Complaint, Defendant Town of Loxley acted under the color of state law.

30. At all times relevant to the facts and allegations of this Complaint, Defendant Town of Loxley had a practice and custom of:

    a) Deliberately failing to train its officers appropriately regarding the use and dangers of high-speed chases,

    b) Deliberately failing to supervise or discipline its officers when they used high-speed chases inappropriately and dangerously, and

    c) Deliberately failing to adopt policies necessary to prevent the deprivation of the life, liberty, and property of citizens because of its officers' inappropriate use of high-speed chases.

31. Defendant Town of Loxley's deliberate indifference in these matters proximately caused a deprivation of the Plaintiffs' deceased's lives, in that Officer Bailey's high-speed chase caused Mr. Garcia's vehicle to crash head-on into the Plaintiffs' vehicle, killing Joseph and Kevin Andrews.

WHEREFORE, the Plaintiff Sara A. Jones, as Personal Representative of the Estate of Joseph Andrews, deceased, and Plaintiff Dolores Andrews, as Personal Representative of the Estate of Kevin Andrews, deceased, demand judgment against Defendant Town of Loxley, for compensatory damages under 42 U.S.C. § 1983, plus interest and costs.

        **/s/ BRITT V. BETHEA**
        BRITT V. BETHEA (BET012)
        J. DAVID GREENE (GRE081)
        Attorneys for Plaintiffs

OF COUNSEL:

GREENE & PHILLIPS, LLC
51 N. Florida Street
Mobile, Alabama 36607
(251) 478-1115 - Telephone
(251) 478-9971 – Facsimile

**DEFENDANTS TO BE SERVED VIA CERTIFIED MAIL BY CLERK OF COURT:**

**Stephen Andrew Bailey**
**39800 State Highway 225**
**Bay Minette, AL 36507**

**Huey Hoss Mack**
**16751 Ebenezer Drive**
**Silverhill, AL 36576**

**Town of Loxley**
**c/o City Clerk**
**1089 S. Hickory Lane**
**Loxley, AL  36551**